Cyrus M. Sanai, SB#150387
SANAIS
9440 Santa Monica Boulevard
Suite 301
Beverly Hills, California, 90210
Telephone: (310) 717-9840
cyrus@sanaislaw.com
Plaintiff

UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI, an individual | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| DARREN COBRAE, an individual, and DOES 1 through 10, inclusive, | (1) RELIEF UNDER 9 U.S.C. §10;<br>(2) BREACH OF CONTRACT<br>(3) INDEPENDENT SUIT IN EQUITY TO VACATE VOID ORDER OR JUDGMENT;<br>(4) DECLARATORY JUDGMENT. |
| Defendants. | |
| | JURY DEMAND |

-1-
COMPLAINT

Plaintiff Cyrus Sanai hereby alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Venue is proper in this district and Division Defendant Cobrae resides in Eastern District of California.

## THE PARTIES

2. Plaintiff, CYRUS SANAI ("Sanai"), is an attorney who resides in the County of Los Angeles, State of California.

3. Defendant, DARREN COBRAE ("Darren"), is an individual who resides in the City of South Lake Tahoe, CA.

4. Defendants, DOES 1-10 ("DOES"), are persons whose capacity and identity and role in the injuries set forth below are unknown to Plaintiff.

## THE VOID JUDGMENTS

5. In August 2014, Sanai represented United Grand Corporation ("United Grand"), a company owned by Cobrae's father, in filing a form complaint alleging Malibu Hillbillies, LLC for its breach of its commercial lease with United Grand and against Malibu Hillbillies, LLC's owner, Marcie Stollof breached her guaranty agreement. United Grand sought unpaid rent in the amount of $46,395.86, attorney fees, and costs. United Grand quickly obtained default judgments against Malibu Hillbillies and Stollof. On April 13, 2015, Los Angeles County Superior Judge Rosenblatt entered judgment in the amount of $67,852.55 against Malibu Hillbillies and Stollof "jointly and severally." The total amount of the amended judgment filed May 6, 2015, included $21,120 in attorney fees through February 11, 2015 and $955.00 in costs.

6. Stollof and Malibu Hillbillies each moved to vacate their default judgments under Code of Civil Procedure section 473, subdivision (b).[1]  Both motions were supported by affidavits from David Cohen, an attorney licensed in Maryland, in which Cohen stated the defaults were due to his mistake, inadvertence, surprise, or neglect.

7. United Grand, through Sanai, filed a combined opposition to both motions. Sanai argued that Cohen's affidavits were insufficient because they did not establish that Cohen's conduct was the proximate cause of the defaults. Sanai also challenged the veracity of the affidavits and requested permission to conduct discovery of respondent, her sister, Cohen, and Eric Halvorson, a California attorney who had represented respondent and Malibu Hillbillies. Appellant presented evidence that at the time of the defaults Cohen represented only respondent, and not Malibu Hillbillies.

8. On October 2, 2015, Judge Rosenblatt issued an order denying Malibu Hillbillies' motion to vacate, finding that Cohen's affidavit claiming that he represented Malibu Hillbillies at the time of the default was not credible given the evidence appellant had presented.

9. Judge Rosenblatt continued the hearing on respondent's motion to vacate to December 24, 2015. She orally granted permission for appellant to take discovery of Halvorson, limited to the topic of the dates of his representation of respondent. The court confirmed this permission in a written order on November 6, 2015.

10. On November 20, 2015, Malibu Hillbillies filed an appeal from the denial of its motion to vacate default. On December 4, 2015, Sanai brought an ex parte application to stay the hearing on respondent's motion to vacate. Appellant argued that Malibu Hillbillies' notice of appeal encompassed the entire October 2 order, and thus both the Malibu Hillbillies proceedings and the proceedings involving respondent were automatically stayed. This conclusion was compelled by *Elsea v. Saberi*, 4 Cal.App.4th 625 (1992). Even though a notice of stay was filed with the trial court, Judge Rosenblatt proceeded to grant Stollof's motion. Judge Rosenblatt heard respondent's motion to vacate in Department 40 on December 24, 2015. Unitd Grandd did not

---

[1] All further statutory references are to the Code of Civil Procedure.

-3-
COMPLAINT

file any additional documents in advance of the hearing and did not appear.  The court granted respondent's motion to vacate default.  The court stated that Malibu Hillbillies' appeal did not stay respondent's case, and that appellant had "no authority to take [respondent]'s motion off calendar."  On January 5, 2016, appellant moved to vacate the court's December 24 order.  Appellant again argued that the proceedings involving respondent were automatically stayed by Malibu Hillbillies' appeal, and therefore any subsequent proceedings were void and should be set aside under section 473, subdivision (d).

11. The Court of Appeal subsequently affirmed the order denying the motion to vacate as to Malibu Hillbillies based on the finding of the trial court that Malibu Hillbillies had fraudulently claimed that Cohen represented it.  But even thought United Grand Corporation won, the Court of Appeal refused to award costs to United Grand Corporation.  *See United Grand Corp. v. Malibu Hillbillies,*  (January 19, 2017) B268544 slip. op. at 9.

12. The Court of panel deliberately and intentionally refused to recognize the application of *Elsea* by contending, in flat contradiction to the record, that there were two separate judgments, not a single joint and several judgment.  The panel wrote that "The trial court, the Honorable Michelle R. Rosenblatt, sitting in Department 40, entered default judgment against respondent on February 11, 2015, and against Malibu Hillbillies on April 13, 2015."In reality, judgment was entered against Stollof on February 11, 2015, and that judgment was amended to add Malibu Hillbillies on April 13, 2015. But back in 2017, this was not the reality that Division Eight would accept, since it would require reversing the trial court's order.  Division Eight correctly analyzed *Elsea v. Saberi,* but then created a false distinction based on a manifestly false description of the record.

13. The Court of Appeal's decision affirming the void order of the Superior Court was, under California law, void, and not capable of being recognized validly in any other proceeding.  Indeed, any other proceeding in any other court predicated, directly or indirectly on the validity of a void order, is itself void:

> In addition, the trial court's subsequent order denying plaintiffs motion to vacate the amended judgment, in that it gives effect to a void judgment, is itself void. (*County of Ventura v. Tillet, supra,* 133 Cal.App.3d at p. 110, 183 Cal.Rptr. 741.)

> While defendants are correct in stating that the order denying the motion to vacate was itself appealable, plaintiffs failure to appeal from it, thus allowing it to become final, makes no difference. A "final" but void order can have no preclusive effect. "`A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' [Citation.]" (*Bennett v. Wilson* (1898) 122 Cal. 509, 513-514, 55 P. 390.)
>
> *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240; *see also County of Ventura v. Tillett* (1982) 133 Cal. App.3d 105, 110 ("an order giving effect to a void judgment is also void and is subject to attack."), *citing Security Pac. Nat. Bank v. Lyon* (1980) 105 Cal. App.3d Supp. 8, 13 ("affirmance of a void judgment or order is itself void").

Where judgment is without personal or subject matter jurisdiction, "it matters not whether it was rendered by the highest or the lowest court in the land -- it is equally worthless." *Pioneer Land Co. v. Maddux* (1895) 109 Cal. 633. A Court of Appeal judgment which is void is always void and never has any effect.

14. While Stollof's appeal was being litigated, Sanai obtained discovery sanctions in post-judgment discovery. When Stollof paid discovery sanctions she owed she made a demand for satisfaction of judgment that did not comply with the law. On October 13, 2016 a check made out to United Grand Corporation, along with a letter demanding satisfaction of judgment, was served on United Grand's counsel, even though he was not authorized to accept money under the contract or the law. Marcie Stollof filed a motion to compel acknowledgement of satisfaction of judgment. United Grand filed an opposition which requested an award of prevailing attorney fees. A new judge, Mark Borenstein, Judge Borenstein agreed at the April 29, 2106 hearing that the statutory demand procedure had not been complied with. Nonetheless, he decided that there was independent authority under the Enforcement of Judgment law, which the judge could not articulate, that allowed him to issue an order and impose attorney fees under Code Civ. Proc. §724.080, which states that in "an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing party." *See* B279215 AA at 39. At the hearing the judge explicitly stated that he found that Stollof did not comply with the statutory procedure under Code Civ. Proc. §724.050, and that he was not making an order under Code Civ. Proc. §724.050(d). He did state that he was awarding attorney fees under Code Civ. Proc.

§724.080 and not sanctions. However, rather than awarding attorney fees payable by the plaintiff United Grand to the defendant Stollof, attorneys fees were awarded against United Grand's counsel, payable to Stollof's former counsel. When Stollof filed a second motion to compel acknowledgment of the same order, based on the assertion that the Acknowledgement of Satisfaction of Judgment that Petitioners filed in response to the order did not comply with the Code of Civil Procedure, United Grand did not ignore it; however, Petitioners were concerned (it turned out correctly) that a fully "code compliant" acknowledgment of satisfaction of judgment would be taken as an admission that no more money was due. However, after repeated demands, on August 2, 2016, a third acknowledgement of satisfaction of judgment, making the demanded change, was filed with the trial court.

15. An opposition to this second motion to compel acknowledgement of judgment was filed, pointing out that Stollof was not permitted to keep applying for the same order and that an amended acknowledgment had been filed; attorney fees were requested under Code Civ. Proc. §724.080, and sanctions as well. Judge Borenstein denied the motion to compel as "unnecessary", but did not award attorney fees under Code Civ. Proc. §724.080, even though such award was mandatory under the law. The request for sanctions was also denied.

16. Plaintiff filed a timely notice of appeal of the orders, and filed undertakings which stayed enforcement of the order to file and the attorney fees. This automatically stayed the trial court proceedings.

16. Stollof's lawyer, D. Joshua Stabu sought to file a contempt action even though the order it obtained was in excess of the trial court's jurisdiction. After filing an appeal of the relevant orders, stays were repeatedly sought but not addressed on the merits until December 1, 2016, when Judge Borenstein granted a stay of the contempt proceedings until January 5, 2017, to permit Stollof and Staub to seek dismissal of United Grand's appeal from the Court of Appeal.

17. When the dismissal was unsuccessful, Plaintiff filed a motion for stay that was granted on January 5, 2017. However, the Judge Borenstein then issued an order to show cause based on Sanai's supposed filing of an ex parte motion for sanctions, and did so without the 21

day statutory period to correct misconduct. No such ex parte motion was made by Sanai. The sanctions order was therefore voidable as in excess of jurisdiction under California law. In addition, the award was made to the Staub, which was outside the jurisdiction of the Court. Staub was soon fired by Stollof, but he continued to insist that he had the right to receive the award of money, over the objections of his former client.

18. After Judge Sotelo approved a motion for payment of funds by Stollof into court, the funds, which only satisfied a portion of the outstanding judgment, were deposited. Since there was no condition on payment of such funds United Grand Corporation was not in a position to refuse payment, and withdrew the money. Judge Sotelo then struck the complaint even though the amount of attorney fees awarded was far in excess of the amount deposited. Sotello's actions were void and outside the jurisdiction of the Superior Court.

## THE SOUTH LAKE TAHOE LAWSUIT

19. Sanai represented Defendant Darren Cobrae, the son of United Grand owner Gary Cobrae, in two lawsuits filed in El Dorado County Superior Court. The first lawsuit, City of South Lake Tahoe v. Cobrae, was an unqualified victory for Cobrae. The City of South Lake Tahoe in that litigation sought to condemn and take over Cobrae's business, a motel in South Lake Tahoe. Sanai litigated the case to trial and not only defeated the City, he caused tens of thousands of dollars of unopposed fines to be eliminated. In the second matter, *Kreling v. Cobrae,* Sanai successfully defended Cobrae in an eviction lawsuit over a property he had leased with an option to purchase.

20. While the representation was ongoing, Darren stole money from Sanai's client account (into which Darren had transferred some money for payment) by using the account number for an on-line transfer. Bizarrely enough, Cobrae used his own name to make the transfer, but it was put through by Union Bank's sloppy fraud defenses.

21. Darren refused to pay the amounts due Sanai for his representations. Darren and Sanai agreed to mandatory fee arbitration before the Beverly Hills Bar Association.

22. Just before the hearing, Staub, appearing on his own, demanded to be awarded any

amounts payable to Sanai based on the void orders entered in the litigation with Stollof.  The arbitrator refused to accept Sanai's contentions that the awards were void, and ordered that Staub would take Sanai's place in the litigation.  To allow Staub to effectuate this order, the chairman of the panel issued a subpoena to Staub as a party to compel Sanai to appear as a third party.  However, the subpoena was never served on Sanai.

23. The panel lacked jurisdiction to substitute Staub for Sanai.  However, at the hearing, the panel decided to enter a default award against Sanai, even though Staub appeared.

24. After the hearing, Sanai and Darren agreed that if Sanai lifted a notice of lien agreement over one of his properties, Darren would agree to vacate and redo the arbitration.  After Sanai fully complied with his portion, Darren breached his agreement.

## FIRST CAUSE OF ACTION
## RELIEF UNDER 9 U.S.C. §10

(By Sanai as Against Defendants )

25. Plaintiff Sanai hereby incorporates by this reference paragraphs 1 through 23 as if set forth in full.

26. Sanai is entitled to vacate the arbitration award on the grounds that:

(1) the award was procured by corruption, fraud, or undue means;

(2) the award  was evident partiality or corruption in the arbitrators, or either of them;

(3) the arbitrators were guilty of misconduct  in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

(By Sanai as Against Defendants)

27. Plaintiff Sanai hereby incorporates by this reference paragraphs 1 through 23 as if set forth in full.

28. Darren promised to agree to vacate the arbitration award if Sanai provided a notarized statement to lift the notice of lien agreement on his property. After Sanai complied, Cobrae breached his oral agreement, and written if it was executed by him.

29. The Court should issue a declaratory judgment or specific performance to force Cobrae to comply with his agreement, vacating the arbitration award.

## THIRD CAUSE OF ACTION

## INDEPENDENT ACTION TO VACATE ORDERS, JUDGMENTS AND AWARDS AS VOID AND PROCURED BY FRAUD

(By Plaintiff as Against Defendants)

30. Plaintiff Sanai hereby incorporates by this reference paragraphs 1 through 25 as if set forth in full.

31. California law permits a party against whom a void order or judgment is being enforced to attack such void order or judgment by way of independent action in equity. *Rose v. Fuqua,* 200 Cal.App.2d 719 (1962); *County of San Diego v. Gorham,* 186 Cal. App. 4th 1215 (2010); *Rochin, supra,* at 1239.

32. The award, and the underlying orders and judgments in Malibu Hillbillies case identified above, were void and obtained by fraud and may be vacated by this Court.

## FOURTH CAUSE OF ACTION

## DECLARATORY JUDGMENT

(By Plaintiff as Against Defendants)

33.  Plaintiff Sanai hereby incorporates by this reference paragraphs 1 through 25 as if set forth in full.

34.  Ninth Circuit authority permits a party in private litigation against whom an unconstitutional law, regulation, contractual provision, or case law is being imposed to sue the opposing party under the Declaratory Judgment Act to declare the unconstitutional law, regulation, contractual provision or case law unconstitutional:

> Our holding does not necessarily leave plaintiff without a federal injunctive or declaratory remedy….Grant probably could have filed an action for declaratory judgment against her mother or ex-husband in these circumstances. The constitutionality of state law has been litigated in private actions in the past. Indeed, such actions have a distinguished history. In *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948), for example, the Supreme Court held in an action between two private parties, that the enforcement of racially restrictive covenants deprived the plaintiffs of their constitutional rights. *See also Buchanan v. Warley,* 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917) (declaring a city ordinance that denied black people the right to live in predominantly white neighborhoods unconstitutional in the context of a suit between two private parties).
>
> While both *Shelley* and *Buchanan* are cases which arose on certiorari to the state courts, and *Buchanan* even predated the enactment of the declaratory judgment act, under today's law both of these cases in all likelihood could have been successfully maintained as declaratory judgment actions in federal court under federal question jurisdiction. While a private party may not be a "state actor" for purposes of § 1983, the existence of the state statute and necessary

involvement of a state judge could well provide the "state action" necessary to present a constitutional question suitable for decision in federal court. *See also, Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

35.  The actions of arbitrators in the fee arbitration between Sanai and Cobrae violated the due process rights to notice and an opportunity to be heard.

**WHEREFORE,** Plaintiff respectfully demand the following relief on behalf of himself:

<u>On the First Cause of Action</u>

1. An order vacating the arbitration award.
2. Reasonable costs and attorney fees incurred.

<u>On the Second Cause of Action</u>

1. An order of specific performance or declaratory judgment requiring Cobrae to agree to vacate the arbitration as promised, or an order vacating the agreement to submit the dispute to arbitration.
3. Reasonable costs and attorney fees incurred.

<u>On the Third Cause of Action</u>

1. An order vacating the void judgments and orders and the arbitration award as arising from a void judgment or order;
2. An order vacating the arbitration award as obtained by fraud;
3. Reasonable costs and attorney fees incurred.

-11-
COMPLAINT

<u>On the Fourth Cause of Action</u>

4. An declaratory judgment that in an attorney fee arbitration, the attorney suing for fees may not be removed or replaced in the arbitration by a person asserting a right to such fees;

5. An order vacating the arbitration award as violating the due process rights notice and and opportunity to be heard; and

3. Reasonable costs and attorney fees incurred.

Dated: March 21, 2022

                      SANAIS

                      By: _/s /CYRUS SANAI
                      Plaintiff