UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>    Plaintiff,<br><br>v.<br><br>DARREN COBRAE,<br><br>    Defendant. | No. 2:22-cv-0528-KJM-CKD (PS)<br><br><br>ORDER |

Plaintiff, an attorney, seeks relief under 9 U.S.C. § 10 against defendant, a former client, who proceeds pro se. (See generally, ECF No. 1, Complaint.) This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's administrative motion for discovery is before the court. (ECF No. 21.) See Local Rule 233.

**I.    Background**

Plaintiff filed the complaint on March 21, 2022. (ECF No. 1.) A return of service was filed on August 2, 2022. (ECF No. 6.) At plaintiff's request on September 6, 2022, the Clerk of the Court entered default on September 8, 2022. (ECF No. 10.)

On September 30, 2022, noting no further action had been taken by plaintiff to complete litigation of this case, the court ordered plaintiff to

////

> file a Declaration as to the status of this case within fourteen (14) days. If Plaintiff files a Motion for Default Judgment before the assigned Magistrate Judge in accordance with the Local Rule 302(c)(19), a Declaration need not be filed. Plaintiff is warned that failure to timely file may result in the imposition of sanctions.

(ECF No. 12.) Plaintiff did not file a declaration as to the status of the case or a motion for default judgment.

On October 11, 2022, defendant filed an answer (ECF No. 13) and a motion to dismiss (ECF No. 14). Defendant's motion to dismiss was styled as "Motion to Dismiss Per FRCP Rule 12B" \ "Motion to Dismiss Default." (Id.) Defendant was thereafter directed to comply with the Local Rules and re-notice the motion to dismiss before the undersigned. (ECF No. 17.) To date, the motion to dismiss has not been re-noticed.

On October 26, 2022, no response from plaintiff having been filed to the court's order of September 30, 2022, and with no indication that plaintiff still sought to pursue default, the undersigned ordered the parties to confer as required by Federal Rule of Civil Procedure 26 and then file a joint status report and request for a hearing before the undersigned for the purpose of entry of a pretrial scheduling order. (ECF No. 18.)

On October 27, 2022, plaintiff filed a motion to strike defendant's answer to the complaint. (ECF No. 19.) This motion is currently set for a hearing to take place on December 7, 2022. (Id.)

On October 28, 2022, plaintiff filed the instant motion for discovery, requesting leave to issue a subpoena duces tecum to Stephanie Cothern, the person upon whom service of process was received at defendant's South Lake Tahoe residence. (ECF No. 21 at 2.) Defendant has not opposed the motion.

**II.      Legal Standards**

Generally, a party may not seek discovery from any source before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d). However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of

justice, outweighs the prejudice to the responding party." Id. at 276.

### III. Discussion

Citing the Rutter Group Practice Guide, plaintiff states the Clerk should not have permitted the filing of defendant's late answer. (ECF No. 21 at 4.) Plaintiff requests leave to depose the person upon whom process was served to assist in responding to defendant's motion for relief from default which defendant may file. (Id. at 5.) Plaintiff asserts there is a need for such cross-examination because defendant intends to provide a declaration signed by this person in support of the anticipated motion for relief from default. (Id.)

The court will deny plaintiff's motion for discovery for lack of good cause. Contrary to plaintiff's assertion, district courts in this circuit and in other circuits typically allow late answers to be filed on the docket. See Barefield v. HSBC Holdings PLC, No. 1:18-cv-0527-LJO-JLT, 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019) (citing collected cases) (noting also "courts rarely grant motions to strike answers").[1] "[T]he party filing a late answer receives the same opportunity to present mitigating circumstances [as if] it had moved under Rule 55(a) to set it aside." McMillen v. J.C. Penney Co., 205 F.R.D. 557, 558 (D. Nev. 2002) (internal quotation marks and alterations omitted) (quoting John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992)).

Rule 55(c) provides a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The good-cause analysis relies on three factors: (1) whether the party engaged in culpable conduct that led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party. Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

////

---

[1] There is no specific sanction for the late filing of an answer under the Federal Rules of Civil Procedure. McCabe v. Arave, 827 F.2d 634, 641 n.5 (9th Cir. 1987). Although a sanction for a late answer could be imposed as part of the court's inherent power, any exercise of sanctions under a court's inherent powers must first be preceded by a "specific finding of bad faith." Id. at 640.

      Based on the matters asserted in plaintiff's motion, and considering the record as a whole, it is not clear how the desired deposition testimony could assist plaintiff to make or refute a showing as to any of the above factors. Plaintiff has not shown good cause for the discovery.

      The court further finds discovery should not proceed even if the parties have already conferred pursuant to Federal Rule of Civil Procedure 26. The court will vacate the October 26, 2022 order for the parties to confer pursuant to Federal Rule of Civil Procedure 26 due to plaintiff's subsequent filing of the motion to strike the answer. Sua sponte, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the court will stay discovery pending resolution of plaintiff's motion to strike the answer. See Coleman v. Schwarzenegger, No. CIV S-90-0520-LKK-JFM P, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007) ("Under Federal Rule of Civil Procedure 26(c), and in the inherent discretion of a court to manage its own discovery, a court may sua sponte enter a protective order for good cause shown. A protective order may include an order that 'discovery not be had.'") (internal citations omitted)).

      In addition, a brief review of the complaint raises a question as to whether this court has subject matter jurisdiction over the dispute. Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). Courts are required sua sponte to examine jurisdictional issues. Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing B.C. v. Plumas Unified School District, 192 F.3d 1260, 1264 (9th Cir. 1999).) The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It may do so sua sponte. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

      Here, the asserted basis for jurisdiction is 28 U.S.C. §1331. However, the provision of the Federal Arbitration Act establishing grounds for vacation of arbitration award does not provide independent federal question jurisdiction for federal courts to review arbitration awards. Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 882, 883 (9th Cir. 1993) ("The Supreme Court has consistently held that federal courts may hear claims under [9 U.S.C. § 10] only when

there is an independent basis for federal jurisdiction.").

**IV.  Order**

In accordance with the above, IT IS HEREBY ORDERED that

1. Plaintiff's administrative motion for discovery (ECF No. 21) is DENIED without prejudice.

2. Sua sponte, the court VACATES the October 26, 2022 order for the parties to confer pursuant to Federal Rule of Civil Procedure 26 and file a Joint Status Report and Request for Hearing before the Magistrate Judge.

3. Sua sponte, the court stays all discovery pending resolution of plaintiff's motion to strike the answer and pending resolution of the question whether this court has subject matter jurisdiction.

4. Plaintiff is ordered to show cause, within 14 days, why this case should not be dismissed for lack of subject matter jurisdiction.

Dated:  November 7, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Sanai22cv528.osc