UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>                    Plaintiff,<br><br>          v.<br><br>DARREN COBRAE,<br><br>                    Defendant. | No.  2:22-cv-0528-KJM-CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, Cyrus Sanai, seeks to vacate an arbitration award under 9 U.S.C. § 10, the Federal Arbitration Act ("FAA"). (See generally, ECF No. 1, Complaint.) Defendant, Darren Cobrae, proceeds pro se. (See generally, ECF No. 13, Late Answer.) This matter was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's response to an order to show cause regarding subject matter jurisdiction is before the court. (ECF No. 23.) Plaintiff has also filed an administrative motion for discovery seeking to take the deposition of a third-party witness and an ex parte motion to strike defendant's recent filing as an untimely opposition and for a claimed defect in the proof of service. (ECF Nos. 24, 29.) For the reasons that follow, the undersigned will deny the administrative motion for discovery and ex parte motion to strike. The undersigned recommends the complaint be dismissed without leave to amend for lack of subject matter jurisdiction and that the other pending motions be denied as moot.

1

**I.     Background**

In August 2014, plaintiff represented United Grand Corporation, a company owned by defendant's father, in litigation ("United Grand litigation"). (ECF No. 1 at ¶¶ 5-18.) Plaintiff alleges the United Grand litigation resulted in a judgment that was void because it was outside the jurisdiction of the Superior Court. (Id. at ¶ 18.)[1]

Separately, plaintiff represented defendant Cobrae in two lawsuits in El Dorado County Superior Court. (ECF No. 1 at ¶ 19.) During representation, defendant allegedly stole money from plaintiff's client account by using the account number for an online transfer made in defendant's name. (Id. at ¶¶ 19-20.) When defendant refused to pay the amounts due plaintiff for his representations, the parties agreed to mandatory fee arbitration before the Beverly Hills Bar Association. (Id. at ¶ 21.) Just before the hearing, an attorney for a party from the United Grand litigation appeared and demanded to be awarded any amounts that were payable to plaintiff based on the alleged void orders entered in the United Grand litigation. (Id. at ¶ 22.) The arbitrator refused to accept plaintiff's contentions that the awards were void and substituted the other attorney for plaintiff. (Id. at ¶ 22.) Plaintiff alleges this substitution occurred without jurisdiction. (Id. at ¶ 23.)

After the hearing, plaintiff and defendant agreed that if plaintiff lifted a notice of lien agreement over one of defendant's properties, then defendant would agree to vacate and redo the arbitration. (ECF No. 1 at ¶ 24.) Plaintiff alleges he complied with his portion of the agreement, but defendant breached his portion of the agreement. (Id.)

Plaintiff filed the complaint on March 21, 2022, bringing four claims, as follows: (1) Relief under the FAA, 9 U.S.C. § 10; (2) Breach of Contract; (3) State Law Claim to Vacate Orders, Judgments and Awards as Void and Procured by Fraud; and (4) Declaratory Judgment.

---

[1] The alleged void judgment included a finding that United Grand had engaged in extensive misconduct throughout the duration of this action, resulting in a terminating sanction striking the prayer for attorney fees; otherwise, the trial court entered judgment in favor of United Grand. See United Grand Corp. v. Malibu Hillbillies, LLC, 36 Cal. App. 5th 142, 145 (2019). The court may take judicial notice of judicial proceedings in other courts. Fed. R. Evid. 201(b); Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

2

(ECF No. 1 at 8-11.) The jurisdictional basis pleaded is federal question jurisdiction under 28 U.S.C. § 1331, and the complaint alleges both parties reside in California. (Id. at ¶¶ 1-3.)

A return of service was filed on August 2, 2022, reflecting service on "Stephanie Cobrae" at defendant's residence. (ECF No. 6 at 2.) At plaintiff's request on September 6, 2022, the Clerk of the Court entered default on September 8, 2022. (ECF No. 10.)

On October 11, 2022, defendant, appearing pro se, filed a late answer to the complaint. (ECF No. 13) and a motion to dismiss (ECF No. 14). On October 27, 2022, plaintiff moved to strike defendant's answer. (ECF No. 19.) In a late-filed response filed on December 1, 2022, defendant opposed the motion and requested to set aside the default, attaching supporting declarations of plaintiff and Stephanie Cothern. (ECF No. 25.) Plaintiff has moved to strike defendant's late-filed response\opposition and its supporting documents. (ECF No. 29.)

On November 7, 2022, the court ordered plaintiff to show cause in writing and within 14 days why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 22.) Plaintiff's response to the order to show cause is before the court. (ECF No. 23.) Plaintiff's administrative motion for discovery seeking to depose third-party witness, Stephanie Cothern, is also before the court. (ECF No. 24)

**II.    Legal Standards**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court "may dismiss an action sua sponte for lack of jurisdiction").

Under the "well-pleaded complaint rule," a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). A complaint purporting to rest on state law can be recharacterized as one "arising under" federal law if the law governing the complaint is

3

exclusively federal. Id. at 61-62 (quoting Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003)).

The FAA, 9 U.S.C. § 1, et. seq., provides a body of federal substantive law governing arbitration agreements in contracts involving commerce. Vaden, 556 U.S. at 59. Section 10 of the FAA lists four grounds for vacating an arbitrator's decision: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(1)-(4).

The FAA itself does not supply federal subject matter jurisdiction. Vaden, 556 U.S. at 59 ("[T]he [FAA] is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent basis over the parties' dispute." (quoting Hall Street Assocs. v. Mattel, Inc., 552 U.S. 576 (2008) (internal quotations and alterations omitted))). A party seeking to vacate an arbitration award in federal court must demonstrate some provision of federal law independent of the FAA that confers subject matter jurisdiction. Vaden, 556 U.S. at 59-60. The United States Supreme Court has made clear that if the party seeking to vacate an arbitral award under 9 U.S.C. § 10 cannot identify an independent grant of jurisdiction that confers access to a federal forum, then the action belongs in state court. Badgerow v. Walters, 142 S. Ct. 1310, 1316 (2022); see also id. at 1321-22 (because contractual rights provided in an arbitration agreement are generally governed by state law, applications under 9 U.S.C. § 10 generally "go to state, rather than federal, courts when they raise claims between non-diverse parties").

**III.    Discussion**

    **A.    Federal Question Jurisdiction**

In response to the order to show cause regarding subject matter jurisdiction, plaintiff states his grounds for relief, except for the breach of contract claim, "present fundamental federal

questions of due process." (ECF No. 23 at 7-10.) Plaintiff asserts "the federal grounds arose within the arbitration[.]" (Id. at 4.) And further, plaintiff argues, a federal question is created by the complaint's allegations that the arbitration violated federal law. (Id. at 5.) See 28 U.S.C. § 1331.

The declaratory judgment cause of action contains the following: "The actions of arbitrators in the fee arbitration between Sanai and Cobrae violated the due process rights to notice and an opportunity to be heard." (ECF No. 1 at ¶ 35.) The relief sought is "[a]n order vacating the arbitration award as violating the due process rights notice and an opportunity to be heard[.]" (Id. at p. 12.) Plaintiff argues the complaint alleged two defects sounding in federal law:

> Sanai was removed from defending the arbitration in favor of a third party Staub, a violation of due process right to be heard. See Complaint, ¶¶22-23. Second, the substitution of third party Staub for Sanai was based on an order void for lack of subject matter jurisdiction by the state court. See Complaint, ¶¶ 5-23.

(ECF No. 23 at 8.)

As set forth, plaintiff's only claim based on federal law is the ground seeking to vacate the result of the arbitration under the FAA, which does not independently confer jurisdiction. Although plaintiff argues the federal grounds for the complaint arose within the arbitration based on allegations that due process was violated, the complaint does not allege facts to support a due process claim and it does not appear a constitutional due process claim could be alleged.[2] The complaint's brief references to "due process rights of notice and an opportunity to be heard" do not raise a federal question.

---

[2] "[I]t is axiomatic that... only state action is subject to scrutiny under the Due Process Clause." Davis v. Prudential Securities, Inc., 59 F.3d 1186, 1190-1191 (11th Cir. 1995). Here, the complaint neither alleges state action nor invokes a statutory vehicle through which to bring a constitutional due process claim. See, e.g., Naffe v. Frey, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (setting forth elements of due process claim under 42 U.S.C. § 1983); see also Roberts v. AT&T Mobility LLC, 877 F.3d 833, 843 (9th Cir. 2017) ("there is no state action simply because the state enforces [a] private [arbitration] agreement"); Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc., 822 F.2d 833, 842 n.9 (9th Cir. 1987) ("The arbitration involved here was private, not state, action; it was conducted pursuant to contract by a private arbitrator. Although Congress, in the exercise of its commerce power, has provided for some governmental regulation of private arbitration agreements, we do not find in private arbitration proceedings the state action requisite for a constitutional due process claim.").

Citing Luong v. Cir. City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004), plaintiff also argues federal question jurisdiction exists because the arbitration award was rendered in manifest disregard of federal law. (ECF No. 23 at 5, 8, 10.) The Ninth Circuit has recognized "manifest disregard of the law" as a basis for vacating an arbitration award under the FAA where the plaintiff showed the arbitrator refused to apply a specific legal principle that was clearly defined and not subject to reasonable debate. Luong, 368 F.3d at 1112. In Luong, the Ninth Circuit found subject matter jurisdiction was conferred based on allegations that the arbitrator manifestly disregarded the Americans with Disabilities Act of 1990. See id. The Ninth Circuit reasoned

> [i]n contrast to grounds of review that concern the arbitration process itself—such as corruption or abuse of power—review for manifest disregard of federal law necessarily requires the reviewing court to do two things: first, determine what the federal law is, and second, determine whether the arbitrator's decision manifestly disregarded that law. *This process so immerses the federal court in questions of federal law and their proper application* that federal question subject matter jurisdiction is present.

Luong, 368 F.3d at 1112 (emphasis added) (citing Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 27 (2nd Cir. 2000), overruled on other grounds by Doscher v. Sea Port Grp. Sec., LLC, 832 F.3d 372 (2nd Cir. 2016)).

The jurisdictional basis articulated in Luong for manifest disregard of federal law is narrow and requires more than an alleged error of federal law or failure on the part of the arbitrators to understand or apply federal law. See Luong, 368 F.3d at 1112; Greenberg, 220 F.3d at 27; Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 907 (8th Cir. 2005). If substantial questions of federal law are not present, then FAA claims are properly adjudicated in state court or under exercise of diversity jurisdiction. See Carter v. Health Net of California, Inc., 374 F.3d 830, 836 (9th Cir. 2004) (noting that even under Luong, "a federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition").

Here, the arbitration panel allegedly refused to accept plaintiff's contentions that state court orders and awards on which the arbitration decision was based were void, and allegedly substituted another person for plaintiff in the arbitration, without jurisdiction to do so. (See ECF No. 1 at ¶¶ 22, 23.) These allegations do not come close to alleging a manifest disregard of law

that "so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present[.]" Carter, 374 F.3d at 836 (citing Luong, 368 F.3d at 1112).

Moreover, allegations of violations of federal law do not automatically create a federal question. In this context, a federal court exercises jurisdiction only where the arbitrator grants an award based on an egregiously and clearly incorrect interpretation of federal law. See Biscanin, 407 F.3d at 907; Carter, 374 F.3d at 838; Luong, 368 F.3d at 1112. As recognized by another district court, "[t]he substantiality requirement [would be] meaningless if petitioners [could] invoke federal jurisdiction merely by baldly asserting that an arbitration award disregards federal law." Royal Bank Am. v. Kirkpatrick, No. CIV.A. 11-1058, 2011 WL 4528349, at *4 (E.D. Pa. Sept. 30, 2011).

In sum, the complaint does not plead a federal claim based on federal law, except for the ground brought under the FAA, which does not confer jurisdiction. The complaint does not allege a manifest disregard of federal law and does not present any other substantial federal question. Plaintiff has not identified an independent grant of jurisdiction conferring access to this forum. This action belongs in state court absent diversity jurisdiction. See Badgerow, 142 S. Ct. at 1316.

**B.     Diversity Jurisdiction \ Motion for Discovery**

As set forth, the complaint filed on March 21, 2022, alleges that both parties reside in California. (ECF No. 1 at ¶¶ 1-3). Although the complaint did not assert diversity as a jurisdictional basis, plaintiff argues defendant's filings with a mailing address in Hawaii have raised the issue that diversity jurisdiction might exist. Specifically, plaintiff argues that defendant's statement he has not lived in South Lake Tahoe "since April of 2022" is ambiguous as to when defendant left California, and that if defendant left California in March of 2022, rather than April of 2022, then diversity jurisdiction might exist. (E.g., ECF No. 23 at 5.) See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States").

////

7

Plaintiff also renews a prior request to take discovery of Stephanie Cothern, who was served on behalf of defendant at defendant's South Lake Tahoe residence this summer. (ECF No. 23 at 6.) Plaintiff requests leave to issue a subpoena duces tecum to Ms. Cothern to seek discovery on facts pertaining to diversity jurisdiction. (ECF No. 24 at 5.) In order to minimize witness burden, plaintiff seeks to depose Ms. Cothern "as a merits witness" at the same time. (Id.)[3]

A district court is vested with broad discretion to permit or deny [jurisdictional] discovery[.]" Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003). "A court ordinarily should grant discovery "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id. A refusal to grant jurisdictional discovery is not an abuse of discretion where it clearly would not demonstrate facts sufficient to constitute a basis for jurisdiction. Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430, n.24 (9th Cir. 1977) ("An appellate court will not interfere with the trial court's refusal to grant discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant; such a refusal is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.").

Here, defendant's statement he has not lived in South Lake Tahoe since April of 2022 does not plausibly suggest he might have become domiciled in another state by March 22, 2022, the date on which the complaint was filed. See Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) ("the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed"). This is especially true given the presumption in favor of an established domicile as against a newly acquired one, among the other relevant factors. See generally McNatt v. Allied-Signal, Inc., 972 F.2d 1340 (9th Cir. 1992); see also Lew, 797 F.2d at 750 ("A change in domicile

---

[3] Previously, plaintiff sought to take Ms. Cothern's deposition as relevant to oppose the motion for relief from default that plaintiff anticipated defendant would file. (See ECF No. 21.) On November 7, 2022, the undersigned denied the request for early discovery for lack of good cause shown and stayed all discovery pending resolution of the question whether this court has subject matter jurisdiction. (ECF No. 22.)

requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely.") Under the circumstances, plaintiff fails to demonstrate the requested deposition of Ms. Cothern is based on "more than a hunch that it might yield jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

Moreover, defendant has produced a sworn affidavit in which he declares under penalty of perjury that he is still a resident of California and has been a resident of California at all relevant times. (See ECF No. 25 at 4-6, Declaration of Darren Cobrae.)[4] [5] Thus, it is clear the requested discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction. The administrative motion for discovery will be denied. See Am. W. Airlines, Inc. v. GPA Grp., Ltd., 877 F.2d 793, 801 (9th Cir. 1989) (district court did not abuse its discretion in deciding the jurisdictional issue without allowing additional time for outstanding discovery where questions relating to jurisdiction were answered in the affidavits).

### IV. Conclusion, Order, and Recommendation

This suit should be dismissed without prejudice for lack of subject matter jurisdiction. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). Defendant's default is immaterial due to the court's

---

[4] Defendant also submits a declaration by Stephanie Cothern. (ECF No. 25 at 7-8.) Ms. Cothern states she set aside the defendant's paperwork with which she was served because she was not in contact with defendant and assumed he had been served in Hawaii. (Id.) Ms. Cothern states she had previously communicated to plaintiff it would be best to contact defendant in Hawaii because defendant was "going back and forth" for a work project and they were no longer on good terms. (Id. at 7.) Ms. Cothern states that, prior to being served, she informed plaintiff on the telephone that she was unwilling to accept service documents for defendant. (Id. at 8.)

[5] In an ex parte motion filed on December 5, 2022, plaintiff requests the court to strike as untimely defendant's filing at ECF No. 25, because it is, in part, a late opposition to plaintiff's motion, and additionally for alleged defects in the proof of service. (See ECF No. 29, Plaintiff's Ex Parte Motion to Strike.) The undersigned finds no substantial defect in the proof of service and finds it complies with Local Rule 135(c). (See ECF No. 25 at 9, Proof of Service.) The undersigned further will not strike any portion of the filing for its untimeliness. Pursuant to Local Rule 230(c), "[a] failure to file a timely opposition may ... be construed by the Court as a non-opposition to the motion." The Local Rule is phrased in permissive terms, and the court has discretion to either consider a late opposition or construe an untimely filing as a non-opposition.

1 lack of subject matter jurisdiction. See Wells Fargo & Co., 556 F.2d at 430, n.24. In the
2 alternative, there is good cause to set aside the default under Federal Rule of Civil Procedure
3 55(c) for good cause shown based on lack of subject matter jurisdiction. See Hawaii Carpenters'
4 Trust Fund v. Stone, 794 F.2d 508, 513 (9th Cir. 1986); Watts v. Pincke, 752 F.2d 406, 409 (9th
5 Cir. 1985) (default judgment is void if court lacks subject matter jurisdiction).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's administrative motion for discovery (ECF No. 24) is DENIED.

2. Plaintiff's ex parte motion to strike (ECF No. 29) is DENIED.

3. In light of the recommendation below, all pleading, discovery, and motion practice is stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the undersigned will not entertain or respond to any motions or other filings until the findings and recommendations are resolved.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice, and without leave to amend, for lack of subject matter jurisdiction.

2. All remaining pending motions be DENIED as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within 14 days after service of the objections. Failure to file

/////
/////
/////

objections within the specified time may waive the right to appeal. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 8, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Sanai22cv528.dism.fr