UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI, | No. 2:22-cv-00528-KJM-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| DARREN COBRAE, | |
| Defendant. | |

  This matter was referred to a United States Magistrate Judge in accordance with Local Rule 302(c)(21). On December 8, 2022, the magistrate judge filed findings and recommendations, which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. F.&R., ECF No. 30. After obtaining two extensions of time for this purpose, plaintiff has filed objections to the findings and recommendations. Mot. Recons. & Objs., ECF No. 38. He also has filed separate objections to the magistrate judge's denial of a request for extension of time. *See* Objs., ECF No. 40.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

  The court addresses plaintiff's objections here. First, the court finds the magistrate judge did not err in denying plaintiff's motion to further extend the time to file objections to the

1

findings and recommendations. Objs. The magistrate judge granted plaintiff two extensions, *see* ECF Nos. 32, 34, and denied the third motion for extension after finding plaintiff did not establish good cause, *see* ECF No. 36. The court finds the magistrate judge's order was not "clearly erroneous or [] contrary to law." *See* Fed. R. Civ. P. 72(a). Additionally, to the extent plaintiff has since filed objections to the findings and recommendations, Mot. Recons. & Objs., which the court considers here, the objection to the order denying the extension of time is moot.

Second, the magistrate judge correctly found the court lacks diversity jurisdiction. Federal courts are courts of limited jurisdiction. Regardless of the existence of a clerk's ministerial entry of default against defendant, this court has an independent obligation to determine its jurisdiction. *See Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017). In determining the court's jurisdiction, the court looks to the original complaint. *Morongo Band of Mission Indians v. CA State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). "Subject matter jurisdiction must exist as of the time the action is commenced." *Id.*

In the complaint, plaintiff alleges both he and defendant reside in California. Compl. ¶¶ 2–3, ECF No. 1. Accordingly, there can be no diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff seeks jurisdictional discovery to determine whether defendant is now a resident of Hawaii. Mot. Recons. & Objs. at 24. However, diversity must adhere at the time the complaint is filed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). As the magistrate judge notes, defendant's statement that he has not lived in his California residence since April 2022, does not suggest he was domiciled in another state in March 2022, when the complaint was filed. F.&R. at 8; *see also Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("[A] person's old domicile is not lost until a new one is acquired."). Defendant has also declared in a sworn affidavit that he is still a resident of California. F.&R. at 9; *see also* Aff. of Darren Cobrae at 5, ECF No. 25-1.

Third, the magistrate judge correctly found the court lacks federal question jurisdiction. Plaintiff argues the court has federal question jurisdiction because there is a constitutional due process claim at issue. Mot. Recons. & Objs. at 18. As the magistrate judge notes, "plaintiff's only claim based on federal law is the ground seeking to vacate the result of the arbitration under

the FAA [Federal Arbitration Act], which does not independently confer jurisdiction." F.&R. at 5; *see generally* Compl.; Response to Order to Show Cause at 7–10, ECF No. 23; *see also Cir. City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002) ("The FAA does not confer federal question jurisdiction under 28 U.S.C. § 1331. Rather, there must be an independent basis for jurisdiction[.]" (citation omitted)). Plaintiff argues the arbitrators in the Mandatory Fee Arbitration between the parties violated his constitutional due process rights, raising a federal question. Mot. Recons. & Objs. at 18–24. Because Mandatory Fee Arbitration is "under the auspices of the California Bar Association," plaintiff argues constitutional due process issues are raised. *Id.* at 24. However, defendant is not a state actor and plaintiff has not sued the arbitrators nor the California State Bar. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding Fourteenth Amendment "can be violated only by conduct that may be fairly characterized as 'state action'" because Amendment is directed at states). Plaintiff has not established an independent basis for federal question jurisdiction here.

The magistrate judge has already resolved ECF No. 37. *See* Min. Order at 39. The court does not address that filing here.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed December 8, 2022 (ECF No. 30) are adopted in full.
2. Plaintiff's complaint (ECF No. 1) is dismissed without prejudice and without leave to amend for lack of subject matter jurisdiction.
3. The other pending motions (ECF Nos. 14, 19, 25, 38) are denied as moot.
4. The Clerk of Court is directed to close this case.

DATED: April 19, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3