UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cyrus Sanai, | No. 2:22-cv-00528-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Darren Cobrae, et al., | |
| Defendant. | |

Plaintiff Cyrus Sanai[1] moves to alter or amend the judgment under Rule 59(e), ECF No. 43, and for relief from the judgment under Rule 60(b), ECF No. 44.  The motions raise nearly identical arguments, so the court addresses them together.

Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or

---

[1] Sanai has previously represented himself as an attorney in this action.  He is currently suspended from the practice of law.  *See In re Cyrus Mark Sanai*, Nos. 10-O-09221, 12-O-10457, S276140.  The court therefore considers him a pro se litigant.

(6) 'extraordinary circumstances' which would justify relief." *Id.* (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).  Sanai contends the court committed clear error.

This court previously adopted the Magistrate Judge's recommendation to dismiss this action for lack of subject matter jurisdiction. *See* F&Rs, ECF No. 30, *adopted in full*, Prev. Order, ECF No. 41.  As explained in those filings, Sanai alleged he and defendant Darren Cobrae are both California citizens. *See, e.g.*, Prev. Order at 2.  He later claimed Cobrae was actually a citizen of Hawaii, but he did not prove that claim. *See id.*  This court also agreed with the Magistrate Judge that the complaint does not assert any claims arising under federal law. *See id.* at 2–3.

Sanai argues this court and the Magistrate Judge clearly erred when they denied his request for discovery to ascertain whether Cobrae was actually a Hawaii citizen.  The court declines to revisit this dispute.  Sanai did not rely on this court's diversity jurisdiction; he did not allege the parties are diverse. *See generally* Compl, ECF No. 1.  Sanai did not move to amend his complaint to allege the parties have diverse citizenship.  Nor do the documents Sanai now cites show the parties have diverse citizenship.  They are largely irrelevant and contain frequently inflammatory claims about Cobrae's personal relationships, properties, and intentions.  Sanai's allegations about his previous litigation show, moreover, that jurisdictional discovery would be a wasteful, distracting, and costly endeavor. *Compare* Compl. ¶¶ 5–18, ECF No. 1 (describing litigation between United Grand Corp. and Malibu Hillbillies, LLC) *with United Grand Corp. v. Malibu Hillbillies, LLC*, 36 Cal. App. 5th 142, 146–52 (2019) (summarizing litigation history, which included contempt proceedings and sanctions orders against Sanai and his client, in part based on wasteful litigation).

Sanai also argues this court clearly erred by misinterpreting the Supreme Court's decision in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).  Under *Lugar*, private people can be liable as state actors under 42 U.S.C. § 1983 if they are willful participants in joint activity with the state or its agents.  457 U.S. at 941.  Sanai's complaint does not allege Cobrae or any Doe defendants are state actors.  He argues the court clearly erred because it did not permit him to amend his complaint to assert new theories about state action.  But as noted, Sanai did not request

leave to amend, and he did not object to the Magistrate Judge's recommendation to not grant leave to amend. In any event, the court dismissed this action without prejudice to further litigation in a court with jurisdiction.

The motions at ECF Nos. 43 and 44 are **denied**.

IT IS SO ORDERED.

DATED: July 20, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE